IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) Civil Action No. _____ ) |
| Plaintiff, | ) ) |
| v. | ) **COMPLAINT** ) |
| ALLIANT TECHSYSTEMS, INC., | ) **JURY TRIAL DEMAND** ) |
| Defendant. | ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, black, and to provide appropriate relief to Tyeastia Green ("Green"). As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendant, Alliant Techsystems, Inc., discriminated against Green because of her race, black.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, defendant, Alliant Techsystems, Inc., a Delaware Corporation ("Defendant" or "ATK"), has continuously been doing business in the State of Minnesota, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Green filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or around May 2007 and thereafter, Defendant engaged in unlawful employment practices at its facility in Edina, Minnesota, in violation of Section 703(a)(1)

of Title VII, 42 U.S.C. §2000e-2(a)(1) by refusing to hire Green for a Network Integrator II position because of her race, black.

8. More specifically, in May 2007, Green was interviewed several times for a Network Integrator II position at Defendant. The Network Integrator II position supplied technical or IT support for ATK executives.

9. After Green's first interview, Green was advised by the ATK recruiter that she should take out her hair braids to appear more professional. Green did as advised.

10. On or about May 22, 2007, Green was advised by the recruiter that ATK wanted to hire her, and she should expect to hear from ATK's human resource officials.

11. On information and belief, the human resources department at ATK was preparing an offer for Green at that time.

12. On or about May 23, 2007, however, ATK's recruiter told Green that she also had to meet with Roman Fraulini, IT Director at ATK. She was told to come with the same image. By this time, however, Green had put her braids back in.

13 Green met with Fraulini on May 24, 2007.

14. On or about May 25, 2007, Green was notified by ATK human resources that she would not receive the Network Integrator II position.

15. In or around June 2007, ATK hired a white male.

16. ATK's reasons for not selecting Green are pretext for race discrimination.

17. The effect of the practices complained of in paragraphs 7 – 16 above has been to deprive Green of equal employment opportunities and otherwise adversely affect her status as an applicant because of her race, black.

18. The unlawful employment practices complained of in paragraphs 7 – 16 above were intentional.

19. The unlawful employment practices complained of in paragraphs 7 – 16 above were done with malice or with reckless indifference to the federally protected rights of Green because of her race, black.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation them, from engaging in any employment practice that discriminates on the basis of race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for blacks and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Green by providing her appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to rightful-place hiring and/or front pay.

D. Order Defendant to make whole Green by providing her compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 – 16 above, including but not limited to relocation expenses and job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Green by providing her compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 7 – 16 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Green punitive damages for its malicious and reckless conduct described in paragraphs 7 – 16 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C.  20507

Dated:  September 28, 2011		s/John C. Hendrickson
					John C. Hendrickson
					Regional Attorney


Dated:  September 28, 2011		s/Jean P. Kamp
					Jean P. Kamp
					Associate Regional Attorney

					Equal Employment Opportunity Commission
					Chicago District Office
					500 West Madison Street, Suite 2000
					Chicago, IL 60661
					(312) 869-8116
					jean.kamp@eeoc.gov


Dated:  September 28, 2011		s/Laurie A. Vasichek
					Laurie A. Vasichek
					Minnesota Bar Number 0171438
					Attorney for Plaintiff
					Equal Employment Opportunity Commission
					Minneapolis Area Office
					330 Second Avenue South, Suite 720
					Minneapolis, MN 55401
					Telephone:  (612) 335-4061
					Fax:  (612) 335-4044
					laurie.vasichek@eeoc.gov

					ATTORNEYS FOR PLAINTIFF